UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEWIS LOWDEN, ROBERT
LOWDEN, *personal representative*
*of the estate of Jean Lowden*,

        Plaintiffs,

v.

        Case Number 09-11209-BC
        Honorable Thomas L. Ludington

COUNTY OF CLARE, LAWRENCE
KAHSIN, CALVIN WOODSTOCK,

        Defendants.
_____/

**ORDER GRANTING EMERGENCY MOTION TO TAKE DEPOSITION FROM LEWIS LOWDEN DUE TO HIS DETERIORATING HEALTH AND GRANTING PLAINTIFFS LEAVE TO TAKE THE DEPOSITION OF PLAINTIFF LEWIS LOWDEN**

On April 1, 2009, Plaintiffs Lewis Lowden and Robert Lowden, as the personal representative of the estate of Jean Lowden, filed a complaint [Dkt. # 1], alleging that Defendants violated various of their constitutional rights. Defendants are Clare County, and Clare County Sheriff's Deputies Lawrence Kashin and Calvin Woodcock. In addition to compensatory damages, Plaintiffs seek a declaration that Mich. Comp. Laws § 750.167d, which generally prohibits funeral protests, is unconstitutional on its face and as applied. Plaintiffs' claims generally arise from the circumstances surrounding Lewis and Jean Lowden's arrest during their participation in a funeral procession for "a close family friend," with political signs inside the windows of their vehicle.

Now before the Court is Plaintiffs' emergency motion to take deposition from Lewis Lowden due to his deteriorating health [Dkt. # 10], filed May 15, 2009. Plaintiffs represent that they were unable to procure a stipulation from Defendants to take the deposition, but that Defendants have stated that they will not oppose Plaintiffs' motion. Additionally, the parties have identified June 18,

2009, as a convenient date for Plaintiff Lewis Lowden's deposition to take place if the Court grants Plaintiffs' motion. In support of their motion, Plaintiffs contend that there is a substantial risk that Plaintiff Lewis Lowden will be unavailable to testify at trial and unavailable for a deposition noticed in the normal course of proceedings, because he suffers from a terminal illness and his health is seriously and rapidly deteriorating. In addition, Jean Lowden, the only other witness to the events central to this case, other than the individually-named Defendants, is already deceased.

Under Rule 30(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, a party must obtain leave of the court to take a deposition if "the party seeks to take the deposition before the time specified in Rule 26(d)." The parties in this case have not yet scheduled a Rule 26(f) conference pursuant to Rule 26(d), thus, Plaintiff must obtain leave of the Court to take Plaintiff Lewis Lowden's deposition. Under Rule 30(a)(2)(A)(iii), the Court "must grant leave" to take the deposition to the extent that leave is "consistent with Rule 26(b)(2)." Particularly considering that Plaintiffs will be severely prejudiced if Plaintiff Lewis Lowden becomes unavailable to testify, and that Plaintiffs seek leave to take only a single deposition, granting leave to take Plaintiff Lewis Lowden's deposition before the Rule 26(f) conference, on the date that defense counsel has stated that he is available, is consistent with Rule 26(b)(2).

Accordingly, it is **ORDERED** that Plaintiffs' emergency motion to take deposition from Lewis Lowden due to his deteriorating health [Dkt. # 10] is **GRANTED**.

It is further **ORDERED** that Plaintiffs are **GRANTED LEAVE** to take the deposition of Lewis Lowden on **June 18, 2009**.

                                                              s/Thomas L. Ludington  
                                                              THOMAS L. LUDINGTON  
                                                              United States District Judge

Dated: May 19, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2009.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS