**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LEWIS LOWDEN and ROBERT LOWDEN,
Personal Representative of the Estate of
JEAN LOWDEN,

                 Plaintiffs,                    Case No. 1:09-cv-11209
                                             Hon. Thomas L. Ludington
vs.                                                 Mag. Charles E. Binder

CLARE COUNTY, a Municipal Corporation,
LAWRENCE KAHSIN, Clare County Sheriff's Deputy,
in his individual capacity, and CALVIN WOODCOCK,
Clare County Sheriff's Deputy, in his individual capacity,
SHERIFF GOYT (Clare County),in his individual and official capacities,
LT. MARK McCLELLAN, in his individual capacity, SGT. WILLIAM LARSON,
in his individual capacity, ROBERT KENT HAGER, in his individual
capacity, Sgt. BAILEY, in his individual capacity

                     Defendants.

_____/

| | |
|---|---|
| Michael J. Steinberg (P 48085) | Margaret A. Nelson (P 30342) |
| Daniel Korobkin (P 72842) | Ann M. Sherman (P 67762) |
| Kary L. Moss (P 49759) | Attorneys for Interested Party |
| Attorneys for Plaintiffs | Michigan Dept. of Attorney General |
| American Civil Liberties Union Fund of MI | Public Employment, Elections & Tort Div. |
| 2966 Woodward Ave. | P.O. Box 30736 |
| Detroit, MI 48201 | Lansing, MI 48909 |
| (313) 578-6824; msteinberg@aclumich.org | (517) 373-6343/Fax: (517) 373-2454 |
| dkorobkin@aclumich.org; kmoss@aclumich.org | nelsonm9@michigan.gov; |
| | shermana@michigan.gov |
| | |
| Hugh M. Davis (P 12555) | Patrick A. Aseltyne (P 23293) |
| Cynthia Heenan (P 53664) | Jason D. Kolkema (P 55936) |
| Co-Counsel for Plaintiffs | Attorneys for Defs. Clare Cnty, Lawrence |
| Constitutional Litigation Associates, P.C. | Kahsin and Calvin Woodcock |
| 450 W. Fort St., Ste. 200 | 303 S. Waverly Rd. |
| Detroit, MI 48226 | Lansing, MI 48917 |
| (313) 961-2255/Fax: (313) 961-5999 | (517) 886-3800/Fax: (517) 886-9154 |
| conlitpc@sbcglobal.net; Heenan@conlitpc.com | paseltyne@jrlaf.com; jkolkema@jrlaf.com |

_____/

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

## INTRODUCTORY STATEMENT

1.     This is a federal civil rights action challenging Michigan's funeral protest statute, M.C.L. § 750.167d, as unconstitutional on its face and as applied.

2.     On September 26, 2007, Lewis and Jean Lowden (collectively, "the Lowdens") traveled to Clare County, Michigan, to attend the funeral of Army Corporal Todd Motley, a close family friend and American soldier who was killed in Iraq.  Although they were driving in the funeral procession at the invitation of Cpl. Motley's family and did nothing to disrupt the procession or funeral, the Lowdens were arrested and taken to jail for allegedly violating M.C.L. § 750.167d because the van they were driving displayed signs critical of President Bush and other government officials and policies.

3.     M.C.L. § 750.167d(1) provides as follows:

> A person shall not do any of the following within 500 feet of a building or other location where a funeral, memorial service, or viewing of a deceased person is being conducted or within 500 feet of a funeral procession or burial:
>
> (a) Make loud and raucous noise and continue to do so after being asked to stop.
>
> (b) Make any statement or gesture that would make a reasonable person under the circumstances feel intimidated, threatened, or harassed.
>
> (c) Engage in any other conduct that the person knows or should reasonably know will disturb, disrupt, or adversely affect the funeral, memorial service, viewing of the deceased person, funeral procession, or burial.

Violation of section 750.167d(1)  is punishable as a felony.  M.C.L. § 750.167d(2).

4.     In this action, Plaintiffs allege violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution, as enforceable through 42 U.S.C. § 1983.  Lewis

Lowden brings this lawsuit on his own behalf, and Robert Lowden proceeds as personal representative of the estate of Jean Lowden, Lewis Lowden's late wife.

5.     Plaintiff seeks a declaration that Michigan's funeral protest law is unconstitutional on its face and as applied, damages, and other appropriate relief.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this is a civil action seeking redress for the deprivation of rights secured by the United States Constitution.

7.     Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims asserted occurred in Clare County, which is within the Eastern District of Michigan.

## PARTIES

8.     Plaintiff Lewis Lowden is 64 years old and a resident of North Star, Michigan.  He is a veteran of the United States Army and was decorated with the Good Conduct Medal, the Army Achievement Medal, the National Defense Service Medal, the Reserve Components Achievement Medal, and the Humanitarian Service Medal.

9.     Plaintiff Robert Lowden is over 18 years old and brings this suit as personal representative of the estate of Jean Lowden.  Prior to her death, Jean Lowden was the husband of Lewis Lowden for 18 years and was a resident of North Star, Michigan.  Jean Lowden died on June 4, 2008.

10.     Defendant Clare County is a municipal corporation organized under the laws of the State of Michigan.  The Clare County Sheriff's Department is a division or department of Clare County.

11.     Defendant Lawrence Kahsin is, or was at all times relevant to this Complaint, a Clare County Sheriff's Deputy.  He is being sued in his individual capacity.

12. Defendant Calvin Woodcock is, or was at all times relevant to this Complaint, a Clare County Sheriff's Deputy. He is being sued in his individual capacity.

13. Defendant Sheriff Goyt was at all times relevant to this First Amended Complaint, the Sheriff of Clare County. He is being sued in his individual and official capacities. He directed the preparations for the role that the Sheriff's Department would play, particularly in the funeral procession from the Stocking Funeral Home to the cemetery.

14. Defendant Lt. Mark McClellan, at all relevant times was an employee of the Clare County Sheriff's Department. He is being sued in his individual capacity. He had operational control of the Sheriff's Department personnel involved in the funeral and the procession.

15. Defendant Sgt. William Larson, at all relevant times was an employee of the Clare County Sheriff's Department. He is being sued in his individual capacity. He assisted Lt. Mark McClellan with the operational control of the Sheriff's Department personnel at the funeral and at the procession.

16. Defendant Robert Kent Hager, at all relevant times was a deputy with the Clare County Sheriff's Department. He is being sued in his individual capacity. On September 26, 2007, he was working in traffic control and observed Plaintiffs' van containing what he considered to be anti-government signs. He contacted Sgt. Bailey. He later assisted Deputy Kahsin with the arrest by taking photographs and searching the vehicle.

17. Defendant Sgt. Bailey, at all relevant times was a Sgt. with the Clare County Sheriff's Department. He is being sued in his individual capacity. He received the information about Plaintiffs' van from Deputy Hager and contacted deputy Kahsin regarding said van, causing deputy Kahsin to stop it.

## **FACTS**

18.   On September 26, 2007, the Lowdens traveled to Clare County to attend the funeral of Corporal Todd Motley, a close family friend who was killed in action in Iraq at the age of 23 while serving in the United States Army.

19.   The Lowdens had known Cpl. Motley and his family for approximately fifteen years.  Jean Lowden homeschooled Cpl. Motley in high school, and Lewis Lowden took Cpl. Motley on fishing and camping trips in the summer.  The Lowdens were devastated by Cpl. Motley's death.

20.   Cpl. Motley's family invited the Lowdens to attend and to participate in Cpl. Motley's funeral service, including a funeral procession through the town of Harrison, Michigan, which is located in Clare County.

21.   The funeral procession through downtown Harrison was a widely publicized and heavily attended event.  According to local media reports, hundreds of onlookers lined the streets to pay their respects to Cpl. Motley.  Many waved American flags and displayed signs thanking Cpl. Motley for his service to our country.

22.   On the day of the funeral, the Lowdens drove to Harrison in their 1995 white Dodge Ram van.

23.   For several years, Lewis Lowden had taped homemade signs to the inside windows of his van.  The signs, similar to bumper stickers, contained statements visible to observers outside the van.  The statements on the signs were political in nature; most were critical of the President and government policies.  The Lowdens had driven the van with these signs for many years without incident.

24.     The signs were still on display from inside the Lowdens' van when they arrived for Cpl. Motley's funeral.  The signs did ***not*** contain any statements critical of the military or Cpl. Motley.

25.     Upon arriving at the Motleys' church, the Lowdens were asked if they intended to drive in the funeral procession from the church to the burial site.  They Lowdens said yes, and they were directed to a parking lot for all the procession vehicles.  A funeral flag was placed on top of the Lowdens' van.  No one made any comment to the Lowdens about the signs on their van.

26.     Following the church service, the Lowdens entered the funeral procession and proceeded slowly in their vehicle for approximately two miles.

27.     According to a police report, Deputy Kahsin was directing funeral traffic at the corner of Cranberry Lake Road and Clare Avenue.  At approximately 2:30 p.m., Deputy Kahsin was advised by a fellow officer at a different location that there was a van in the funeral procession with anti-government protest signs in its windows.

28.     On information and belief, Deputy Kahsin was not advised by anyone of a disruption or disturbance caused by Lowdens' participation in the funeral procession, nor did any such disruption or disturbance occur.

29.     When the Lowdens' van reached Deputy Kahsin's location, Deputy Kahsin ordered Lewis Lowden, who was driving, to pull over.  Lewis Lowden pulled over as directed.

30.     Deputy Woodcock arrived on the scene to assist Deputy Kahsin.

31.     Deputy Kahsin asked Lewis Lowden why he had signs in his windows.  Lewis Lowden replied that it was his First Amendment right to criticize the government.  Deputy Kahsin then asked both Jean and Lewis Lowden if they were protesting.  They both replied that

6

they were not protesting and that they were there to attend the funeral because they were like family to Cpl. Motley.

32.    Nonetheless, Deputy Kahsin and Deputy Woodcock placed Lewis Lowden and Jean Lowden under arrest for violating M.C.L. § 750.167d and impounded their van.

33.    The Lowdens were detained in jail for approximately twenty-four hours before being released on personal recognizance.  Jean Lowden, who was 56 years old, had serious medical conditions that made her arrest and detention physically painful and distressing.  The Lowdens were both forced to endure the humiliation of being arrested in the middle of the funeral procession, and they could not attend the burial service of Cpl. Motley as they had planned.  Their pecuniary damages include attorney's fees to defend against unconstitutional criminal charges and fees to recover their van from an impound lot.

34.    The criminal charges against the Lowdens were eventually dismissed without prejudice.

## COUNT ONE

### VIOLATION OF THE FIRST AMENDMENT
### RIGHT TO FREEDOM OF SPEECH

35.    The First Amendment to the United States Constitution prohibits abridgement of the freedom of speech, and the First Amendment is incorporated against the States by the Fourteenth Amendment.  Persons violating the First Amendment under color of state law are liable at law and in equity under 42 U.S.C. § 1983.

36.    M.C.L. § 750.167d is facially invalid under the overbreadth doctrine of the First Amendment because it prohibits a substantial amount of protected speech.

37.    M.C.L. § 750.167d is also unconstitutional as applied in this case because the Lowdens were arrested for actually engaging in constitutionally protected speech.

38.   Defendant Kahsin, acting under color of state law, violated the Lowdens' clearly established rights under the First Amendment by arresting them for engaging in constitutionally protected speech.

39.   Defendant Woodcock, acting under color of state law, violated the Lowdens' clearly established rights under the First Amendment by arresting them for engaging in constitutionally protected speech.

<u>**COUNT TWO**</u>

**VIOLATION OF THE VAGUENESS
DOCTRINE OF THE DUE PROCESS CLAUSE
OF THE FOURTEENTH AMENDMENT**

40.   The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits States from enforcing unconstitutionally vague laws.  Persons violating the Due Process Clause under color of state law are liable at law and in equity under 42 U.S.C. § 1983.

41.   M.C.L. § 750.167d is facially invalid under the vagueness doctrine of the Due Process Clause of the Fourteenth Amendment because it fails to provide a person of ordinary intelligence fair notice of what is prohibited and because it is so standardless that it authorizes or encourages arbitrary and discriminatory enforcement.

42.   Defendant Kahsin, acting under color of state law, violated the Lowdens' clearly established rights under the Due Process Clause by arresting them for violating a law that was void for vagueness.

43.   Defendant Woodcock, acting under color of state law, violated the Lowdens' clearly established rights under the Due Process Clause by arresting them for violating a law that was void for vagueness.

## COUNT THREE

### VIOLATION OF THE FOURTH AMENDMENT
### RIGHT TO BE FREE FROM UNREASONABLE
### SEARCHES AND SEIZURES

44.    The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures, and the Fourth Amendment is incorporated against the States by the Fourteenth Amendment.  Persons violating the Fourth Amendment under color of state law are liable at law and in equity under 42 U.S.C. § 1983.

45.    Defendant Kahsin, acting under color of state law, violated the Lowdens' clearly established rights to be free from unreasonable searches and seizures by stopping their van without probable cause to believe that they had violated M.C.L. § 750.167d and without reasonable suspicion that they had violated M.C.L. § 750.167d.

46.    Defendant Kahsin, acting under color of state law, violated the Lowdens' clearly established rights to be free from unreasonable searches and seizures by arresting them without probable cause.

47.    Defendant Woodcock, acting under color of state law, violated the Lowdens' clearly established rights to be free from unreasonable searches and seizures by arresting them without probable cause.

## COUNT FOUR

### MUNICIPAL LIABILITY FOR VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS

48.     Under 42 U.S.C. § 1983, municipal defendants are "persons" liable for their unconstitutional policies, customs, and practices.

49.     Upon information and belief, the unconstitutional acts of Defendants Kahsin and Woodcock were undertaken pursuant to a policy, custom, or practice of Defendant Clare County and its Sheriff's Department of enforcing M.C.L. § 750.227 in violation of the First Amendment.

50.     Upon information and belief, the unconstitutional acts of Defendants Kahsin and Woodcock were undertaken pursuant to a policy, custom, or practice of Defendant Clare County and its Sheriff's Department of enforcing M.C.L. § 750.227 in violation of the vagueness doctrine of the Due Process Clause of the Fourteenth Amendment.

51.     Upon information and belief, the unconstitutional acts of Defendants Kahsin and Woodcock were undertaken pursuant to a policy, custom, or practice of Defendant Clare County and its Sheriff's Department of conducting unreasonable searches and seizures in violation of the Fourth Amendment.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a.     assert jurisdiction over this matter;

b.     declare that Plaintiff's and his late wife's rights under the First, Fourth, and Fourteenth Amendments were violated by Defendants;

c.     declare M.C.L. § 750.167d unconstitutional on its face;

d.     award compensatory damages to Plaintiff in his individual capacity and as personal representative of his wife's estate;

e.      award costs and attorney's fees pursuant to 42 U.S.C. § 1988; and

f.      grant or award such other relief that this Court deems just and proper.


                                Respectfully submitted,

                                 _s/Hugh M. Davis_____
                                Hugh M. Davis (P 12555)
                                Cynthia Heenan (P 53664)
                                Co-Counsel for Plaintiffs
                                Constitutional Litigation Associates, P.C.
                                450 W. Fort St., Ste. 200
                                Detroit, MI 48226
                                (313) 961-2255/Fax: (313) 961-5999
                                conlitpc@sbcglobal.net;
                                Heenan@conlitpc.com

          - and-


                                 _s/Michael J. Steinberg_____
                                Michael J. Steinberg (P 48085)
                                Daniel Korobkin (P 72842)
                                Kary L. Moss (P 49759)
                                Attorneys for Plaintiffs
                                American Civil Liberties Union Fund of MI
                                2966 Woodward Ave.
                                Detroit, MI 48201
                                (313) 578-6824; msteinberg@aclumich.org
                                dkorobkin@aclumich.org;
                                kmoss@aclumich.org

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

_s/Hugh M. Davis_____
Hugh M. Davis (P 12555)
Cynthia Heenan (P 53664)
Co-Counsel for Plaintiffs
Constitutional Litigation Associates, P.C.
450 W. Fort St., Ste. 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 961-5999
conlitpc@sbcglobal.net;
Heenan@conlitpc.com

- and-

_s/Michael J. Steinberg_____
Michael J. Steinberg (P 48085)
Daniel Korobkin (P 72842)
Kary L. Moss (P 49759)
Attorneys for Plaintiffs
American Civil Liberties Union Fund of MI
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6824; msteinberg@aclumich.org
dkorobkin@aclumich.org;
kmoss@aclumich.org

Dated: October 8, 2010

F:\Cases\Lowden, Lewis\08-023 (C-R)\Pldgs\1st Amended Complaint.docx

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 10/8/10, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using ECF system which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing:

Patrick Aseltyne          paseltyne@jrlaf.com

Jason Kolkema            jkolkema@jrlaf.com; klafraugh@jrlaf.com

Margaret Nelson          nelsonm9@michigan.gov; toddw1@michigan.gov; albrol@michigan.gov

Michael Steinberg        msteinberg@aclumich.org; bbove@aclumich.org

Daniel Korobkin          dkorobkin@aclumich.org

Ann Sherman             shermana@michigan.gov; toddw1@michigan.gov; albrol@michigan.gov


By: s/Jillian R. Rosati
Jillian R. Rosati

F:\Cases\Lowden, Lewis\08-023 (C-R)\Pldgs\1st Amended Complaint.docx