**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LEWIS LOWDEN and
ROBERT LOWDEN, personal
representative of the estate of JEAN LOWDEN

                                  Case No. 1:09-cv-11209

                    Plaintiffs,        Honorable Thomas L Ludington

v.

CLARE COUNTY, et al.,

                    Defendants.

_____/

**ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR DECLARATORY JUDGMENT WITHOUT PREJUDICE**

     Lewis and Jean Lowden sought to attend the funeral for their deceased friend, Corporal Todd Motley, on September 26, 2007. The Lowdens were included in the procession and had a funeral flag identifying the vehicle as a part of the ceremonial travel to the cemetery. The Lowdens were detained by county sheriff deputies, arrested, and jailed for twenty-four hours because the van that they were driving in contained political information, mostly critical of then-U.S. President George W. Bush. The sheriff deputies initiated the arrest based on the Michigan funeral protest statute, Mich. Comp. Laws § 750.167d.  Plaintiffs Lewis Lowden and Robert Lowden ("Plaintiffs") filed the instant complaint against Defendants Clare County ("the County"), and Sheriff Deputies Lawrence Kahsin and Calvin Woodcock ("Deputies Kahsin and Woodcock") contending, among other things, that the Michigan funeral protest statute that was the basis for their arrest is unconstitutionally vague and furnished inadequate direction to law enforcement under the Fourteenth Amendment to the U.S. Constitution.

They also contend that the statute is unconstitutionally overbroad because the statute limits communication that is protected by the First Amendment to the U.S. Constitution. Plaintiffs contend that the statute fails to satisfy both constitutional provisions "on its face" and in the manner in which Defendants applied the statute in deciding to arrest the Lowdens. Few would dispute the State's interest in protecting the privacy of attendees at a fallen soldier's funeral, but likewise, few would dispute that "the First Amendment recognizes . . . that a certain amount of expressive disorder not only is inevitable in a society committed to individual freedom, but must itself be protected if that freedom would survive." *City of Houston v. Hill*, 482 U.S. 451, 472 (1987).

On January 29, 2010, former Michigan Attorney General Michael Cox[1] intervened in the case pursuant to 28 U.S.C. § 2403(b) to defend the constitutionality of the Michigan statute. The statute provides in full:

> (1) A person shall not do any of the following within 500 feet of a building or other location where a funeral, memorial service, or viewing of a deceased person is being conducted or within 500 feet of a funeral procession or burial:
>
>   (a) Make loud and raucous noise and continue to do so after being asked to stop.
>
>   (b) Make any statement or gesture that would make a reasonable person under the circumstances feel intimidated, threatened, or harassed.
>
>   (c) Engage in any other conduct that the person knows or should reasonably know will disturb, disrupt, or adversely affect the funeral, memorial service, viewing of the deceased person, funeral procession, or burial.

---

[1] Michigan Attorney General Bill Schuette has since been substituted as the proper defendant.

      (2)      A person who violates subsection (1) is a disorderly person and is guilty of a felony punishable as provided under section 168.

Mich. Comp. Laws § 750.167d. A violation of the statute is punishable by up to two years' imprisonment. Mich. Comp. Laws § 750.168. Plaintiffs' claims specifically focus on the "adversely affect" language of the statute, the statute's application to an area within 500 feet of a funeral or related event, and the statute's application to funeral processions.

     Plaintiffs' complaint alleges four causes of action pursuant to 42 U.S.C. § 1983, including: (1) violations of the First Amendment based on overbreadth; (2) violations of the Due Process Clause of the Fourteenth Amendment based on vagueness; (3) violations of the Fourth Amendment; and (4) municipal liability for violations of the First, Fourth, and Fourteenth Amendments. Plaintiffs seek a declaration that the Lowdens' First, Fourth, and Fourteenth Amendment rights were violated by Defendants; a declaration that the Michigan funeral protest statute is unconstitutional on its face; compensatory damages for, inter alia, attorney's fees incurred to defend criminal charges and fees to recover the Lowdens' van from an impound lot; and costs and attorney's fees pursuant to 42 U.S.C. § 1988.

     On March 26, 2010, the Court addressed three dispositive motions: (1) Deputies Kahsin and Woodcock and the County's motion to dismiss or for judgment on the pleadings; (2) Plaintiffs' motion for partial judgment on the pleadings; and (3) the Attorney General's motion for summary judgment. The Court concluded that the County was not entitled to dismissal of Plaintiffs' claims against it because Plaintiffs plead sufficient facts to plausibly suggest an actionable municipal policy. The Court also determined that Deputies Kahsin and Woodcock were not entitled to qualified immunity on Plaintiffs' Fourth Amendment cause of action or Plaintiff's as-applied First and Fourteenth Amendment causes of action because Defendants' conduct, as alleged by Plaintiffs in

the complaint, establishes violations of Plaintiffs' clearly established constitutional rights. On the other hand, the Court found that Deputies Kahsin and Woodcock were entitled to qualified immunity on Plaintiffs' First and Fourteenth Amendment facial challenges to the Michigan funeral protest statute because it was not clearly established that the statute on its face is unconstitutional, if it is in fact unconstitutional. The Court also denied Plaintiffs' motion for judgment without prejudice, and invited additional briefing on the constitutionality of the statute.

On July 16, 2010, Plaintiffs renewed their motion for declaratory judgment as a result of the Court's July 1, 2010 order [Dkt. #58] concluding that it would be appropriate to entertain Plaintiffs' request for declaratory relief but finding that Plaintiffs had not proposed specific language to be used by the Court in granting declaratory relief. Plaintiffs contend that they have demonstrated that the statute is facially unconstitutional in violation of the First and Fourteenth Amendments and propose specific language for the Court's order should their motion be granted. The parties have proceeding to litigate the as-applied claims and have subsequently filed cross-motions for summary judgment [Dkt. #81; Dkt. #88] addressing the as-applied claims as well as Plaintiffs' facial challenge to the constitutionality of the statute. As a result, the Court finds it prudent to decline to determine the precise scope of declaratory relief that may be appropriate as to Plaintiffs' facial challenges until the as-applied claims have been resolved either by dispositive motion or at trial.

Accordingly, it is **ORDERED** that Plaintiffs' renewed motion for declaratory judgment [Dkt. #59] is **DENIED WITHOUT PREJUDICE.**

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: April 6, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 6, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS